DANIEL MALAKAUSKAS, *Cal. Bar. No.:* 265903
MALAKAUSKAS LAW, APC
7345 South Durango Drive
Suite B-107-240
Las Vegas, NV 89113
Tel: 866-790-2242 / Fax: 888-802-2440
daniel@malakauskas.com

*Attorney for Plaintiff*: **Meryl Pomponio**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| **MERYL POMPONIO**, <br><br> Plaintiff, <br><br> v. <br><br> **PUBLIC STORAGE,** a Maryland Real Estate Investment Trust, and **DOES** 1-50, Inclusive, <br><br> Defendants. | Case No.: 3:19-cv-00595-JSC <br><br> **RESPONSE TO ORDER FOR STATUS UPDATE** |

On July 29th, 2019, This Honorable Court issued an Order requiring Plaintiff to file a Status Report by August 5th, 2019. (Doc. 12).

Plaintiff, through her attorney, Daniel Malakauskas, responds as follows:

### DECLARATION OF DANIEL MALAKAUSKAS

I, DANIEL MALAKAUSKAS, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am an attorney representing the plaintiff, **MERYL POMPONIO**, in this lawsuit. I am competent to testify and am personally familiar with the facts of this case. I became personally familiar with the facts of this case either through my own personal knowledge, information my client and, or, private investigator, and, or, process server, and, or, records researcher gave me, or be reviewing the Court's case file. If called to testify, I would testify as follows:

1. On April 2nd, 2019, I sent an email to Defense asking for dates to conduct a site inspection. I received no response.

2. On April 3rd, 2019, I sent another email asking for dates to conduct a site inspection. I received no response.

3. On April 8th, 2019, I asked again via email. I received no response.

4. On April 9th, 2019, I asked again via email. I received no response.

5. On April 10th, 2019, I asked again via email.

6. On April 11th, 2019, Defense proposed several dates, including May 13th 2019.

7. On April 12th, 2019, I informed Defense that May 13th, 2019 would work best for me.

8. On April 16th, 2019, Defense confirmed May 13th, 2019.

9. On April 16th, 2019, I suggested that the site inspection begin around 8:00 a.m. I also made an initial demand on behalf of Plaintiff. Defense never made a counter offer.

10. On May 9th, 2019, Defense suggested the site inspection begin at 10:00 a.m.

11. On May 9th, 2019, I confirmed with Defense the time for the site inspection.

12. Between May 10th and May 11th, 2019, the two sides argued over how many hours the site inspection should take via email.

13. On May 13th, 2019, the site inspection took place. Defense sent an associate to the site inspection. Through talking to the associate, I found out that this was only the second site inspection

the associate had ever conducted. The associate had also never worked on a single ADA case before and practiced labor law/employment law. The associate had zero settlement authority. Defense did not bring their own CASp inspector either. I was annoyed that Defense had complied with the letter but not the spirit of General Order 56.

14. On May 28th, 2019, I reached out to set up a conference with Melissa Daugherty. Melissa Daugherty is lead counsel for the Defense.

15. On May 28th, 2019, Melissa Daugherty suggested "possibly" June 5th, 2019.

16. On May 29th, 2019, I suggested June 12th, 2019.

17. On May 30th, 2019, I emailed Melissa Daugherty again since I had received no response.

18. I never got a response until June 17th, 2019. At which time, Defense informed me that we had missed the deadline to meet and confer. Defense also stated that they wanted a copy of my expert witness's CASp report.

19. On June 18th, 2019, I told Defense that I intended on sending over the report, however, I wanted to confirm our meet and confer dates before I sent any report. I received no response.

20. On June 20th, 2019, I asked if July 16th, 2019 would work to meet and confer. I received no response.

21. On June 21st, 2019, I asked Defense to respond to my email.

22. On June 24th, 2019, Defense responded that they would only give me dates to meet and confer after I disclosed my report.

23. On June 24th, 2019, I stated that I would disclose the report several dates before the meet and confer date, and after, we picked dates. I also stated that nothing in general order required me to disclose the report and informed Defense that they still hadn't provided the construction/alteration

history of the property.  I also informed Melissa Daugherty that I was disappointed that she did not show up to the site inspection but instead sent an associate with zero experience and zero settlement authority.

24.  On June 24th, 2019, Melissa Daugherty responded that she might not even attend the meet and confer implying that she might again send an associate.

25.  On July 9th, 2019, I once again asked for some dates.

26.  On July 11th, 2019, Melissa Daugherty stated that it "was premature" to meet until I handed over the CASp report.

27.  On July 11th, 2019, I told Melissa Daugherty to give me some dates to meet.  I never heard from her again.

28.  I see no reason why I should hand over any CASp report when Melissa Daugherty has not acted in good faith in this case.  I ask the Court to Order that Melissa Daugherty be required to personally appear at any meet and confer.  I have no problem disclosing the report several days before any meeting, but fail to see why I should disclose any report to a Defense that has consistently acted in bad faith and failed to negotiate in any manner.

Respectfully Submitted,

Dated: August 5th, 2019

/s/ *Daniel Malakauskas*
By: DANIEL MALAKAUSKAS, of,
MALAKAUSKAS LAW, APC,
Attorney for PLAINTIFF,
***Meryl Pomponio***